MRM
F. #2026R00649

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 29 2026 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TROYSHAWN BURGESS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

COMPLAINT and
ARREST WARRANT

26-mj-00198-JMW

(18 U.S.C. § 922(a)(6);
21 U.S.C. § 841(a))

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL SILVESTRI, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about October 29, 2026, within the Eastern District of New York and elsewhere, the defendant TROYSHAWN BURGESS did, in connection with the attempted acquisition of a firearm from a licensed dealer, knowingly make a false and fictious written statement, intended to deceive such dealer with respect to a fact material to the lawfulness of the sale and disposition of a firearm.

(Title 18, United States Code, Section 922(a)(6))

On or about October 29, 2026, within the Eastern District of New York and elsewhere, the defendant TROYSHAWN BURGESS did knowingly and intentionally possess with intent to distribute a controlled substance with offense involved a controlled substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Section 841(a))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving the unlawful possession of firearms and the unlawful possession and sale of narcotics. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about February 11, 2022, TROYSHAWN BURGESS ("BURGESS") pled guilty in the Eastern District of New York to the unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). See United States v. Troyshawn Burgess, 21-CR-84 (GRB). On October 21, 2022, the Honorable Gary R. Brown sentenced BURGESS to 72 months' imprisonment and 5 years supervised release.

3. On August 19, 2026, Burgess, while still under the sentence imposed by Judge Brown, was directed by the United States Bureau of Prisons ("BOP") to report to a federal Residential Reentry Center ("RRC") in the Bronx, New York on August 20, 2026. As of August 21, 2026, the BOP notified the District Court, the United States Probation and the United States Attorney's Office. To date, BURGESS has never appeared at the RRC. Accordingly, BURGESS is currently in in escape status with the BOP.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4. On October 29, 2026, BURGESS was present at a JJ Armory located in Riverhead, New York (hereinafter the "firearm dealer"), and attempted to purchase a Palmetto State Armory PA15 semiautomatic, AR15 style rifle (hereinafter the "AR-15"). In connection with BURGESS's attempt to purchase the AR-15, BURGESS submitted to the firearm dealer a United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 (the "Form 4473").

5. The Form 4473 completed by BURGESS, which contains a warning that making false statements on the form is a felony under Federal law, contained multiple false statements. Specifically, where asked if he was ever convicted of a felony or a crime punishable by more than one year of imprisonment, BURGESS answered "no." Further, where asked if he was a fugitive from justice, BURGESS answered "no."

6. The firearm dealer notified New York State Police ("NYSP") after BURGESS handed the firearm dealer a BOP inmate ID card as his identification. Additionally, NYSP conducted an NCIC check and confirmed BURGESS's felon status. Members of NYSP responded to the location of the firearm dealer and detained BURGESS. A member of the NYSP requested identification from BURGESS, to which BURGESS responded that his ID was in his cross-body bag. When a member of law enforcement opened the cross-body bag to retrieve BURGESS's ID, they observed a bag containing what appeared to be narcotics.

7. BURGESS was placed into custody and during processing, members of law enforcement also recovered a digital scale from BURGESS's cross-body bag.

8. The substance recovered the bag was weighed and was determined to weigh approximately 10 grams. A TruNarc field test was conducted upon a portion of the

substances recovered from BURGESS by a member of law enforcement trained in field testing narcotics. The substance recovered field tested positive for the presence of cocaine base.

9. Based upon my training and experience, narcotics dealers regularly possess digital scales as a "tool of the trade" to assist them in dividing their illicit products for resale.

WHEREFORE, your deponent respectfully requests that the defendant TROYSHAWN BURGESS, be dealt with according to law and an arrest warrant be issued.

MICHAEL SILVESTRI
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
29th day of October, 2026

s/ *James M. Wicks*

THE HONORABLE JAMES M. WICKS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK